[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE MOTION TO SET ASIDE JUDGMENT
At the trial the evidence revealed that the defendant was recently retired. He now advises the Court that his pension rights are such that if he should "unretire" — that is, return to employment in his trade — his benefit would be subject to a six-month suspension. It is his claim that this circumstance removes his pension rights as being "property" within the meaning of General Statute 46b-81.
In Krafick v. Krafick, 234 Conn. 783 the Supreme Court ruled that "property" as used in G.S. 46b-81 "includes the right, contractual in nature, to receive vested pension benefits in the future." The provision concerning a return to employment relied upon by the defendant does not appear to remove his pension rights from the status of being "property" under the statute. It would seem likely that such a provision as to return to employment in his trade would merely suspend his pension payments.
As to the diminution in the defendant's income, this would come to about $500 per month in net figures. Also, he could retain his pension if he sought employment not associated with his trade.
It is extremely unlikely that the contempt of court threat would result in the instance suggested in this motion.
The motion is denied.
John M. Alexander State Trial Referee